### Van Musgrave v. The State.

*No. 6491.   Decided June 20.*

1.  **Practice—Theft—Evidence.**—On a trial for theft it is competent for the State to prove the theft of other property than that involved in the trial only when the thefts were contemporaneous, and then only when such proof will aid to establish identity in developing the *res gestæ*, and for that purpose alone is such proof admissible. See the opinion on the question, and note the same for proof *held* under this rule to have been erroneously admitted.

2.  **Same—Charge of the Court.**—The admission of incompetent evidence over the

objection of the defendant is reversible error which can not be cured, nor its effect controlled, by a charge of the court.

3. **Same—Confession.**—An exception to the rule that the confession of an unwarned defendant while in duress can not be used in evidence against him is when, in connection with the confession, he makes a statement of facts or circumstances found to be true which conduce to establish his guilt. The facts thus stated by the defendant must be known to him through his guilty participation in the crime, and the truth of the same must be ascertained by means of the information derived from the defendant. See the opinion for a statement made by the defendant *held* insufficient as a predicate for the admission in evidence of a confession made while in duress.

APPEAL from the District Court of Frio. Tried below before Hon. D. P. Marr.

This conviction was for the theft of Brown's bay mare, and the penalty assessed was a term of five years in the penitentiary.

Under the questions discussed in the opinion of the court it is unnecessary to state any more of the evidence adduced on the trial than that pertaining to the confession of the defendant, all of which is condensed in the testimony of the State's witness Harkness.

The said Harkness testified that he and Frank Rhodes went to Bennett Musgrave's house in Atascosa County, in March, 1885, in quest of stolen horses. While in the house the witness spoke of buying cattle, when the defendant came out of one of the rooms and went to the woodpile. Witness and Rhodes followed and arrested him. At said Musgrave's place the witness found a little gray pony, which a short time before was stolen from his brother in Frio County. Defendant, before his arrest, claimed that gray pony. While at the woodpile, and while defendant was under arrest, the witness asked him, "Where is that little bay mare you and May had?" Defendant replied, "She is at Calvin Musgrave's." Witness, Rhodes, and defendant, the latter being in custody, went to Calvin Musgrave's place, on reaching which the defendant said to Anderson, "Get that little bay mare." Anderson got the mare from a field, and brought her to witness. Witness then asked defendant where she came from. He replied, "We got her at a sheep camp near Pearsall." It was in consequence of defendant's statement at Bennett Musgrave's that witness went to Calvin Musgrave's and got the said mare.

No brief for appellant.

*W. L. Davidson*, Assistant Attorney-General, for the State.

HURT, JUDGE.—This is a conviction for the theft of a mare, the property of W. H. Brown.

Upon the trial the State proved by J. C. Harkness that in March, 1885, he went to Atascosa County to look for stolen horses; that he went to the house of Bennett Musgrave—went into the house, and after sitting there

awhile the defendant came out of a room and went to the woodpile; that witness followed to the woodpile and arrested him; that he, witness, found a gray pony at Musgrave's which had been stolen from his brother in Frio County a short time before; that defendant claimed this pony before his arrest.

That part of the testimony relating to the gray pony was objected to by counsel for defendant. The objection being overruled, a bill of exceptions was saved.

This evidence was not admissible. " There are cases in which it is admissible, in support of the charge under investigation, to adduce in evidence facts which may refer to and be more directly connected with other offenses than the one for which the accused is on trial; or even to go directly into, and show other criminal transactions of a similar character." Such evidence, however, is admitted mainly when it is necessary to establish identity in developing the *res gestæ.* The facts objected to had no tendency to identify anything whatever which would aid in developing the *res gestæ.*

Such evidence is received also for the purpose of completing the chain of circumstances relied upon to establish the guilt of the accused. This is a simple proposition when understood. If the theft of another horse constitutes a fact in the chain of facts—circumstances—which connect the accused with the theft of the horse for which he is being tried, this theft is admissible in evidence, not because the fact introduced is theft of a horse, but because it is a criminative fact. Two horses are stolen at the same time by some person. A is on trial for the theft of one of them, to wit, a bay horse. Recently after the theft he is found in possession of a gray horse—one of the horses stolen. A is also found in possession of the bay horse. He relies upon reasonable explanation, purchase, or mistake. The State can introduce in evidence the theft of the gray horse.

B's horse is in the stable. At the stable is a piece of rope without value. B's horse is stolen by some person, and the thief also takes the rope. A is found in possesion, recently after the theft, of the rope. The prosecution can introduce in evidence the rope matter, and upon the same principle is the theft of the gray horse admissible.

The facts relating to the theft of the gray pony in this case fail to bring the case within the reason of the rule above stated. When was this gray pony stolen? Where was it when taken? Was it with the bay mare or in the vicinity of Brown's? Upon these questions we are left in the dark.

Brown's mare was stolen early in March, 1885. Early in March Harkness went to Atascosa and found the gray pony. He says the pony had been stolen from his brother a short time before this, but he does not tell us from what place or part of the county the pony was taken. He states that it was taken in Frio County. Now, if the pony and mare had been taken at the same time this fact was competent evidence, but in the ab-

sence of such proof we can not possibly perceive what bearing the theft of the pony has upon this case. It certainly develops no criminative fact; nor does it explain a competent fact; nor even yet is it a relative fact, constituting a link in a chain of facts tending to establish the guilt of the appellant. Hence it could serve but one purpose, which was to unjustly prejudice the case of the appellant in the estimation of his triers. But the learned judge controls this matter in his charge. This is true, and was necessary in a case in which the evidence was competent. But being incompetent for any purpose, there was error in admitting it.

The next question is, was the error cured—rendered harmless—by the charge?

If a person commits a crime, and that crime is a material fact upon his trial for the commission of another crime (material for any legitimate purpose), he certainly will not be allowed to object to the introduction in evidence of this material fact because it establishes his guilt of another offense. But the other crime not being admissible for any purpose, the accused should be heard in his objection to its admission in evidence— heard and heeded, because no charge, be it what it may, can prevent such evidence having a most terrible effect upon his cause.

Though in custody and without caution, the confession of the defendant may be used in evidence against him if, in connection with such confession, he makes statements of facts or of circumstances that are found to be true which conduce to establish his guilt. The defendant must make a statement of facts or circumstances which must be found to be true, and these must conduce to establish his guilt of the offense being investigated. The facts found to be true must be *criminative*. . They must be such facts as were known by the defendant because alone of his guilty participation in the crime charged against him. To illustrate: The defendant is charged with theft, is under arrest, and is not cautioned. He is asked where the property then is. He answers that it is at the house of a certain man. This is found to be true, and is so found in pursuance of the information received from defendant. Now, if the surrounding facts and circumstances show that defendant's knowledge that the property was at the place named by him was obtained from others, his confession would not be admissible. To be admissible the facts must, with reasonable certainty, exclude the hypothesis that the defendant was informed by some one else of the facts stated by him, and which were found to be true. They must conduce to establish his guilt, which is impossible unless he knew the facts through his guilty connection with the offense charged.

But it is contended his guilty connection is shown by the question propounded and his answer thereto. He was asked, "Where is that little bay mare that you and May had?" He answered, "She is down at Calvin Musgrave's." Now in the question propounded there is nothing cal-

culated to induce him to believe that May and he were charged with the theft of the mare. That they had "had" her was true—the defendant's connection being shown by several witnesses to have been innocent. But let us suppose that the question had been, "Where is the little bay mare you and May have stolen?" His answer, "At Calvin Musgrave's." The answer to such a question would have been an implied confession that he and May had stolen the mare. Still, this would not have admitted the confession. Why? Because the facts stated and found true must conduce to establish his guilt before the confession is admissible for any purpose whatever. The writer is alone responsible for the rule applicable to this last illustration. Suppose when Harkness went to the woodpile the defendant had voluntarily, without question, stated that he knew his business; that he knew he was after a certain stolen bay mare, and that he and May had stolen the mare. Being under arrest without caution these confessions would not have been admissible.

Applying these rules and bearing in mind that the burden is upon the State to show that the confession is competent, was this done? Was it shown that the fact that the mare was at Calvin Musgrave's was known to defendant through his guilty connection with the theft of the mare? If this was not the case the fact that the mare was found at Musgrave's does not conduce to establish defendant's guilt of the theft of the mare.

The State relies alone for the admission of the confession upon this— that is, that the defendant told the witness where the mare was, and that she was found in pursuance of this information at the place named by defendant. We have held, and still hold, that when facts and circumstances are stated and found to be true, and they conduce to establish the guilt of the defendant, all the confessions are admissible. But the proof bearing upon this matter failing to show that the fact that the mare was at Calvin Musgrave's conduced to establish defendant's guilt, the confession was not admissible.

Because of the errors above mentioned the judgment is reversed and the case remanded.

*Reversed and remanded.*

Judges all present and concurring.