## G. A. WELHOUSEN v. THE STATE.

*No. 3264.  Decided February 3.*

1. **Theft—Indictment, Counts in—Election as Between Counts.**—Where an indictment contained two counts, one for theft and one for illegally marking and branding, and upon announcement of ready for trial, as well as after the State had introduced all of its evidence, defendant moved the court to require the prosecution to elect upon which of the two offenses charged a conviction would be claimed, which motions were both overruled. *Held*, that where the transaction is the same, a count for theft and one for illegal marking and branding may properly be inserted in the same bill, though the offenses be not the same; and that this being the rule with regard to the indictment, the court did not err in refusing to compel an election.

2. **Evidence of Other Crimes, when Admissible.** — Evidence of other thefts are properly admissible to develop the transaction, to identify under certain circumstances the animal in question, to show fraudulent intent; but to serve any purpose

the proof must show that the other animals or property were taken about the same time and place, or so near thereto as to constitute the same transaction. If the different offenses be so closely connected that proof of one necessarily discloses the other, the State would have the right to disclose both to the extent of their necessary connection.

3. **Same—Limitation and Restriction of, in the Charge of Court.**—Evidence of distinct, separate crimes not so connected, or if connected which do not tend to serve one of the purposes above mentioned, is not competent evidence, and it will be error to receive it, though subsequently restricted and withdrawn by the charge from the jury.

4. **Placing Witnesses Under the Rule—Violation of.**—Where on a trial for theft all the witnesses had been placed under the rule, the main point in the case being the identity of the animal in question, and it appeared that during a recess for dinner the chief deputy sheriff, who had the witnesses under the rule in his charge, as he was conducting them to their dinner pointed out the animal in question to the two principal State's witnesses, and told them that it was the calf about which the trial was being had, and that it was the calf in question in the case; and upon these facts being developed the defendant moved the court to exclude the testimony of these witnesses, which motion was overruled and refused by the court, *held*, error, because the conduct of the chief deputy sheriff and of the witnesses was in open and most flagrant violation of articles 662, 665, and 666 of the Code of Criminal Procedure with regard to the placing of witnesses under the rule and their conduct while so held.

APPEAL from the District Court of Webb. Tried below before Hon. A. L. McLane.

Appellant was tried under an indictment containing two counts, one charging him with theft and the other with illegally marking and branding one head of cattle, the property of one Dario Sanchez. At his trial he was found guilty on the second count, of illegally marking and branding said animal, his punishment being assessed at three years in the penitentiary. It is unnecessary to state the evidence in the case, inasmuch as the opinion sufficiently states those phases of the same which are embraced in the rulings.

*Bethel Coopwood*, for appellant, filed a most able argument and brief, mainly devoted to an effort to show that under our Constitution and laws two separate and distinct offenses could not legally be contained in the same indictment, even though growing out of the same transaction, and contained in separate counts in the indictment.

In support of this proposition he cited the following authorities: Penal Code, arts. 747, 759, 1, 9; Code Crim. Proc., arts. 1, 59, 433, 419, 420, 712, 713, 714, 282, 287; Killingsworth v. The State, 7 Texas Ct. App., 28; Hutchinson v. The State, 4 Texas Ct. App., 435; Patton v. The State, 35 Texas, 92; 14 and 15 Vic., chap. 100, sec. 16; Rev. Stats. U. S., sec. 1024; 1 Whart. Am. Crim. Law, sec. 415, note B, 5 ed.; Id., sec. 416; Arch. Crim. Plead., p. 36; Roscoe Crim. Ev., p. 231; 8 Blackf. (Ind.), 489; The State v. Edmonds, 43 Texas, 164; Fisher v. The State, 33 Texas, 793; 1 Bish. Crim. Proc., 2 ed., secs. 448, 449, 457;

Rucker v. The State, 7 Texas Ct. App., 554; Waddell v. The State, 1 Texas Ct. App., 720; Weathersby v. The State, Id., 643; Barnwell v. The State, Id., 745; Quitzo v. The State, Id., 48; Addison v. The State, 3 Texas Ct. App., 40; Dalton v. The State, 4 Texas Ct. App., 333; Lang v. The State, 43 Texas, 467; Wilson v. The State, 45 Texas, 76; Williams v. The State, 59 Ga., 400; Simms v. The State, 10 Texas Ct. App., 131; The People v. Cuvin, 56 Cal., 396; The People v. Garcia, 58 Cal., 102; The Commonwealth v. Hills, 10 Cush., 530; Carleton v. The Commonwealth, 5 Metcalf, 582; Gilbert v. The State, 65 Ga., 449; McGrigg v. The State, 4 Black, 101; Huntsman v. The State, 12 Texas Ct. App., 619; Lunn v. The State, 44 Texas, 85; The People v. Garnett, 29 Cal., 626; The People v. Thompson, 28 Cal., 216; The State v. Jordan, 32 Ark., 204; Keeler v. The State, 15 Texas Ct. App., 111; The State v. Lancaster, 36 Ark., 37; Baker v. The State, 25 Texas Ct. App., 23; The State v. Dorsett, 25 Texas, 657; Cash v. The State, 10 Humphrey, 111; The People v. Janness, 5 Mich., 305–327; Clem v. The State, 42 Ind., 420; Hirschfield v. The State, 11 Texas Ct. App., 216; Adams v. The State, 16 Texas Ct. App., 170; The Commonwealth v. Powell, 8 Bush (Ky.), 7; Fisher v. The State, 33 Texas, 792.

*R. H. Harrison,* Assistant Attorney-General, for the State.

HURT, JUDGE.—Appellant and one King were jointly indicted for the theft of a certain yearling, alleged to be the property of Dario Sanchez. The indictment also contained a count for illegal branding and marking a certain head of cattle, the property of said Sanchez. There was severance, and appellant was placed on trial and convicted of illegal branding and marking.

When the trial began counsel for appellant moved the court to require the State to elect which of the two offenses the prosecution would proceed upon. This was refused, and exceptions duly reserved. When the State had introduced all of its evidence the motion was renewed, and was again overruled and exceptions taken. In support of these motions we have an argument from Mr. Bethel Coopwood, which can not be excelled for research and cogency. We believe, however, that the same question might have been raised by a motion to quash. Then, if the indictment would not be bad on a motion to quash, the ruling of the court upon the motions that were made would be correct. We have held, that if the same transaction is referred to, a count for theft and one for illegal branding and marking could properly be inserted in the same bill, though these two offenses be not the same; or, that the principles announced in other cases would sustain such a holding. We have not the time to elaborate the proposition, but it is believed to be sound. It is not at all free from doubt.

There was evidence introduced tending to prove other thefts and illegal branding, and to this objection was urged and bills reserved. We have very carefully examined the statement of facts, and can not perceive upon what ground this evidence was received under the facts of this case. It did not tend to identify the transaction, nor to prove the identity of the yearling branded and marked, nor to prove the intent of appellant. The appellant did not claim the yearling of Sanchez, nor did he claim that there was any mistake in the transaction. If such had been his claim, still the evidence relating to the other cattle fails to show that, if taken, they were taken at the same time or branded at the same time. This being so, we can not comprehend how or for what purpose the evidence was admitted. It may be contended that the court rendered it harmless by instructing the jury to disregard it. The lance may have been withdrawn, but the wound remained nevertheless. Such evidence is admissible for certain known and legitimate purposes, to-wit, to develop the transaction, to identify under certain circumstances the animal in question, to show fraudulent intent; but to serve any purpose the proof must show that the other animals or property were taken at least about the same time, and from the same place, or so near thereto as to constitute the same transaction. When, under these circumstances, such proof is received, the appellant can not complain because other crimes are shown. Let it be supposed, however, that proof of other crimes, contemporaneous with and a part of the same transaction, be offered. This evidence of other crimes would still not be proper evidence unless required for the purposes above stated. If the different offenses be so closely connected that proof of one necessarily discloses the other, the State would have the right to disclose both to the extent of their necessary connection.

Not infrequently records coming before this court impress the writer with the belief that some trial judges are of opinion that though such evidence of distinct separate crimes may not serve either of the specified purposes, still it will be harmless if restricted by the charge to the jury. If, in fact, it is connected with the transaction under investigation, and tends to serve one of the purposes mentioned above, it should be received; but if it is not so connected, or if connected does not tend to serve one of the purposes mentioned, then it is not competent evidence, and it will be error to receive it, though restricted or withdrawn from the jury, for it is known to the profession and this court, from the results shown in hundreds of cases brought here, that if there be strong suspicion against the accused, though the evidence be not sufficient to authorize conviction, and there is evidence of other offenses before the jury, conviction will follow notwithstanding such evidence, when admissible, is properly and carefully limited by the charge, or, when inadmissible, be entirely withdrawn from the jury.

At the State's instance all witnesses were sworn and placed under the rule and in custody of an officer, except Victor Morel and Captain Brooks, who were officers of the court. During the time the State was introducing its evidence in chief, the State called Celso Trivinio, who had been under the rule. After testifying as set forth in the statement of facts, he stated on cross-examination: "I saw the brown calf in question after we went to dinner to-day. [This was after he was sworn and placed under the rule.] Victor Morel asked me if I knew the calf. He told me it was the calf about which the trial was being had, and that it was the calf in question in this case. He asked me if I knew it, and told me to tell what I knew about it in court. Nobody told me to say an untruth." Counsel for appellant moved to exclude the testimony of this witness from the jury. This was refused, and a bill of exceptions reserved. It further appears that Morel was deputy sheriff, and that he knew the witness Trivinio had been sworn and placed under the rule. It also appears that another witness, Garza, who had not been placed under the rule, had been talked to about the case, and had the calf shown to him by the chief deputy sheriff Morel. All these facts being shown, counsel for defendant moved to strike out the testimony of Trivinio and Garza. This was denied, and a bill reserved.

Article 662, Code Criminal Procedure, provides: "At the request of either party the witnesses on both sides may be sworn and placed in the custody of an officer, and removed out of the court room to some place where they can not hear the testimony as delivered by any other witnesses in the case." Article 665 requires that the witnesses be attended by an officer, and in no case shall they be allowed to hear the testimony in the case, or any part thereof. Article 666: "Witnesses when placed under the rule shall be instructed by the court that they are not to converse with each other or with any other person about the case except by permission of the court, and that they are not to read any report of or comment upon the testimony in the case while under the rule, and the officer who attends the witnesses shall report to the court at once any violation of its instructions, and the party violating the same shall be punished for contempt of court." That these provisions of the law were most flagrantly violated can not be questioned, and violated not only by the witnesses, but by the chief deputy sheriff. While it is true that the trial judge is invested with a wide discretion in all matters relating to this procedure, and that such discretion will not be revised on appeal unless it has been abused, the right to have the witnesses under the rule should not be denied or substantially abridged at the arbitrary discretion of the judge. McMillan v. The State, 7 Texas Ct. App., 142.

Did the court err in refusing to strike out the testimony of the witness Trivinio, and was such error prejudicial to defendant? This de-

pends largely upon the character of the testimony of the witness, and whether the conduct of the deputy sheriff was calculated to induce the witness to swear as he did. In the light of the statement of facts, the testimony of Trivinio was the most important and hurtful to defendant. When the case is relieved of his testimony and that of Garza, we are impressed with the belief that Morel saw and understood the weak point in the State's case, and that he intended to and may have rendered impregnable this point by the testimony of these witnesses. This weak point in the case was as to the identity of the animal branded by defendant. We are of opinion that the testimony of the witnesses, considered in connection with the fact of the flagrant and unexplained violation of the rule, should have been excluded from the jury.

*Reversed and remanded.*

Davidson, J., absent.