## P. E. DENTON v. THE STATE.

### No. 2241. Decided January 23, 1901.

**1. Statement of Facts Filed After Adjournment Without Order for Ten Days Filing—Diligence.**

See opinion for facts stated, which are held to be wholly insufficient to show necessary diligence to procure, and have entered, an order of court for filing the statement of facts after adjournment.

**2. Burglary—Irrelevant Evidence.**

On a trial for burglary alleged to have been committed the 1st of October, 1899, evidence that defendant had executed a chattel mortgage on the 1st day of October, 1896, was irrelevant where such evidence was not pertinent to any issue on the trial.

**3. Same—Evidence—Extraneous Crimes.**

On a trial for burglary of a house, it was error to admit testimony of a theft of a buggy, harness, and wagon sheet from the buggy shed of prosecutor some two and a half months before, and which prosecutor believed he saw at the house of defendant after defendant had been arrested for burglary. The testimony was clearly inadmissible, as the offenses were not contemporaneous.

**4. Same.**

On a trial for burglary, proof that defendant was a thief and engaged in the nefarious business of stealing, could only be introduced where defendant's character had been first put in issue by himself. Evidence that a large amount of property, consisting of various articles belonging to different persons, was found at the house of defendant the day he was arrested, was inadmissible, the same not being contemporaneous, but independent, disconnected crimes, and only tending to prove defendant's character, which he had not put in issue, and not his intent in the commission of the burglary.

**5. Evidence—Contemporaneous Crimes.**

Evidence of contemporaneous crimes is only admissible upon the issue of defendant's intent, or where the State proposes to show that he was engaged in systematic crime.

**6. Same—Silence as Evidence.**

Where the marshal, after arresting defendant, asked him, "whose property is that?" to which defendant replied, "I have not a word to say;" Held, the testimony was inadmissible. A person in custody is not called upon to contradict statements, made in his presence, which are prejudicial to him, his silence or refusal to answer inquiries is not competent evidence against him.

**7. Same—Contemporaneous Theft—Charge.**

On a trial for burglary, it was error for the court to instruct the jury that they could consider other property belonging to the prosecutor, found in defendant's possession at the time of his arrest, as a circumstance in connection with the other facts, in determining whether defendant committed the burglary. Independent contemporaneous thefts are only admissible on the question of defendant's intent in taking the property involved in the burglary, and could not be used to show the commission of the burglary.

APPEAL from the District Court of Collin. Tried below before Hon. J. E. DILLARD.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The Assistant Attorney-General moved to strike out the statement of facts, because not legally filed in the court below; which motion, it will be seen, the court sustained and refused to consider said statement.

The other questions involved on the appeal are fully illustrated in the opinion.

*J. M. Pearson* and *Garnett & Smith,* for appellant.

*Rob't A. John,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was indicted for burglarizing the house of R. E. Bristol with intent to steal; the indictment containing a count for nighttime burglary, and one for daytime burglary. He was convicted, and his punishment assessed by the jury at two years confinement in the penitentiary. The statement of facts was filed after the adjournment of the term of court without a ten-day order being properly entered. The facts in relation thereto are made to appear by ex parte affidavits of appellants counsel, which state, in substance, the following: R. C. Merritt states that on the evening of the last day of the court he went to the district court room, and at this time the judge was preparing to sign up the minutes in order to finally adjourn; and affiant says he asked one of the attorneys for defendant, to wit, M. H. Garnett, in the presence of W. T. Cox, J. M. Pearson, and affiant thinks others were present, if all the necessary orders were properly entered to appeal the case against Denton, whereupon said Garnett said, "I can't get hold of the books to see, but Bob Johnson told me that Mr. Cox had entered them up, and Mr. Cox is a gentleman, and knows how to enter them, and we will have to rely upon his word;" whereupon Mr. Cox, the clerk of the court, replied they had been properly entered. This conversation occurred just a few minutes before the court finally adjourned, and the books were then inaccessible to the attorneys, because the clerks were hurrying orders on the minutes so that the court could adjourn to catch his train. Bob Johnson was an employe in the district clerk's office at the time assisting in writing up the minutes of the court. Affiant further says that from said above statement he believed and thought the ten-day order in which the statement of facts might be prepared after the adjournment of the court was properly entered. J. M. Pearson, another attorney for defendant, in substance states that after the case was properly argued on the evening of the last day of the court affiant excepted to the ruling of the court refusing his motion for new trial, and gave notice of appeal to the Court of Criminal Appeals, and asked for a ten-day order after the adjournment of the court within which to prepare and file a statement of facts. The court was busily engaged writing on the docket at the time, and soon stopped writing. Affiant, thinking possibly he had failed to enter the motion of appeal from the length of time in which he was engaged in writing his order overruling the motion for new trial, again suggested to the court that appellant excepted to the ruling of the court, and gave notice of appeal to the Court of Criminal Appeals, and asked for an order allowing ten days after adjournment of the term within which to pre-

pare and file statement of facts. The court then continued writing something on the docket, which affiant inferred to be an entry of notice of appeal and granting the ten-day order. After the court had finished writing, owing to a heavy accumulation of business to be disposed of in a short time, affiant did not ask the court to read over the order he had entered. The clerk was very busily engaged entering orders and decrees of various kinds of the evening of the day of adjournment, so that sufficient time was not allowed the different attorneys to look over their respective decrees for fear the clerk would not have time to enter everything necessary to be placed on the minutes. Then follows a statement corroborating the facts heretofore set out by R. C. Merritt.

We do not think the press of business excused appellant's counsel from seeing that the proper orders were entered on the minutes before the adjournment of the court, and therefore hold that the statement of facts can not be considered. See Pangburn v. State (Dallas Term, 1900), 56 S. W. Rep., 72; Blackshire v. State, 33 Texas Crim. Rep., 160; Dement v. State, 39 Texas Crim. Rep., 271.

The indictment charged that appellant committed a burglary on or about the 1st day of October, 1899. Bill of exceptions number 1 complains that the State was permitted, over appellant's objections, to show that a chattel mortgage was executed by appellant to G. R. Howell, trustee, on the 1st day of October, 1896, and there is nothing in the bill showing in what manner this chattel mortgage was or could be pertinent to the issue then being tried; and we think the court erred in permitting its introduction. We can not imagine a statement of facts under which this testimony could or would be admissible.

Appellant also complains that the court erred in permitting the State to prove by the prosecuting witness, R. E. Bristol, that about two and one-half months after he had missed certain articles of property which had been taken from his residence, and whose house was relied on by the State as being the one burglarized, some person took a set of buggy harness and a wagon sheet from his (Bristol's) buggy shed; also, that he (Bristol), on the day on which defendant was arrested, saw certain articles that resembled and which he believed to be the same that were taken from his residence about two and one-half months before; and that he also saw a set of harness and a wagon sheet that resembled the one he had missed, and which he believed to be his, at the house of defendant, after defendant had been arrested, etc.; and that the court also erred in not excluding such testimony from the consideration of the jury on the defendant's motion made at the close of the case. This testimony was clearly inadmissible, since it is never permissible to introduce independent, extraneous crimes against defendant unless independent, extraneous crimes are contemporaneous with the commission of the theft for which he is then being tried; and even then, before they are admissible, it must be shown with a reasonable degree of certainty that defendant was guilty of the independent

crimes. The rule in such matters is that, where appellant is being tried for one theft, contemporaneous thefts, independent of the one for which he is being tried, are admissible in order to show the intent with which he acted in the case then on trial; and, as we said in James v. State, 40 Texas Criminal Reports, 190, a distinct offense committed about the time for which appellant was on trial does not show such other offense to have been committed at the same time. But we are not left to speculation in the bill of exceptions before us as to the length of time elapsing between the extraneous crime and the one on trial. The bill shows they are some two and one-half months apart. It is never permissible to introduce this character of evidence. Certainly, if appellant burglarized the house of Bristol, and property taken therefrom was in his possession, this fact could be admitted; but the fact that Bristol thought or believed he identified other property two and one-half months afterwards, or before the burglary of the house in this case, would not throw any light upon the intent with which appellant acted in the commission of this burglary. The mere fact that the State could show he was a thief, and engaged in a nefarious business of stealing, and burglarizing houses, would not be admissible, because this testimony would only go to his character, and not to his intent; and his character can not be put in evidence unless he first makes the issue. We think the learned judge erred in permitting this testimony to be introduced. Walton v. State (Texas Crim. App.), 55 S. W. Rep., 567; Kelley v. State, 18 Texas Crim. App., 269; Nixon v. State, 31 Texas Crim. Rep., 205; Williams v. State, 38 Texas Crim. Rep., 135; Buck v. State (Texas Crim App.), 38 S. W. Rep., 772.

Bill of exceptions number 3 complains that the court permitted Harry McDonald to testify that on the morning of the day he arrested defendant he found at the house of defendant a lot of lumber, blocks, harness, pair of lines, lot of brick, two hams, several cakes, part of a bolt of cotton flannel, portion of a bolt of sheeting, handkerchiefs, twenty-two pairs of socks, three pairs of kid gloves, five sacks of oats, a pair of blankets, two rolls of tin, a heating stove, and that different parties made claim to each and all of said articles; that Hurley claimed some of the lumber, Hamilton & Martin claimed some of the lumber and blocks, Weisman claimed the socks, handkerchiefs, flannel, sheeting, and gloves, the Presbyterian Church claimed the stove, Crouch claimed the tin, Lovejoy claimed the oats, Bristol claimed the harness and blankets, Ben Oats claimed the pair of lines, etc. If it were permissible to prove that appellant was a notorious and wholesale thief when he was on the trial for one theft, this testimony would not be admissible, but, as stated above, his reputation for honesty and integrity could not be questioned by the State unless appellant first placed the same in issue; and then only by general evidence, and not by isolated acts or incidents of dishonesty. This evidence was highly prejudicial to the rights of appellant, since there is nothing in the record

nor in the bill to show it could be admissible under any circumstances or conditions, as it was not of contemporaneous, but separate and independent, crimes, far removed one from the other, not connected with each other, not illustrative of, nor throwing any light on, nor manifesting, the intent with which appellant acted in burglarizing the house of Bristol. Appellant's contention is correct, and this evidence would not be admissible under any state of facts that might arise. As said before, if a party commits contemporaneous thefts—and to be contemporaneous they must be what the word imports—then it is permissible to introduce one theft on the question of intent with which appellant acted in committing the crime for which he is then on trial; otherwise, it is never admissible, save and except when the State relies upon system.

By bill number 4 appellant insists that the court erred in permitting the city marshal of McKinney, Ben Burks, after he had arrested defendant, to testify that he asked him this question: "Denton, whose property is that?" and to which defendant replied, "I have not got a word to say." In Gardner v. State (Texas Criminal Appeals), 34 Southwestern Reporter, 946, we said: "Appellant stated to the sheriff that he was at several places on the night of the homicide. If this statement was true, his presence at the place of the homicide was very improbable. Being under arrest, the sheriff took him to those places, and the persons doing business at those places stated to the sheriff in the presence of appellant that appellant was not there at the time he had told the sheriff he was. Appellant made no reply to these statements. All that the sheriff did, all that these persons who resided at the places named by appellant to the sheriff stated, and the silence of appellant were introduced in evidence against appellant as confessions of appellant to the truth of these statements. Were these facts, and especially the silence of appellant, competent evidence? They were not. * * * A person who is held in custody on a charge of crime is not called upon to contradict statements prejudicial to him, made in his presence, by another person, in answer to inquiries made by an officer; 'and such statements, though not contradicted by him, are not admissible in evidence against him.' "

Appellant complains of the nineteenth paragraph of the court's charge as follows: "The jury are instructed, if they believe from the evidence beyond a reasonable doubt that at the time defendant was arrested several articles of personal property were found in possession of defendant in his dwelling house which belonged to R. E. Bristol, and which had been taken from his (R. E. Bristol's) home without his knowledge or consent, then the jury should consider the possession of such property belonging to R. E. Bristol by defendant, if he had any such property in his possession, only as a circumstance to be considered by them, along with all other facts and circumstances in the case, to determine whether defendant burglarized the house of R. E. Bristol, as charged in the indictment." As indicated above, the testimony upon which this charge was predicated was not admissible; but, if the thefts are contempora-

neous, the charge would not be correct, because independent crimes contemporaneous are only admissible on the question of intent with which appellant acted in the case then on trial, and it can not be shown as a circumstance showing he committed theft in the instance then on trial, but only to show the intent with which he acted in taking the property. Believing the other matters complained of will not arise upon another trial, they are not here discussed. For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*