GEORGE ELKINS V. THE STATE.

No. 124. Decided November 10, 1909.

1.—Burglary—Continuance—Second Application.

Where, upon trial for burglary, defendant's second application for a continuance showed that the testimony of the absent witness was material in accounting for at least some of the alleged stolen property, it not appearing upon what part of said property the jury based their verdict, and defendant's diligence not being sufficiently combated by the State to show that it was insufficient, the same should have been granted.

2.—Same—Evidence—Extraneous Acts of Third Parties.

Upon trial for burglary, where the State relied upon defendant's possession of property recently stolen, the court should not have admitted testimony of extraneous acts of third parties. Following Denton v. State, 42 Texas Crim. Rep., 427.

Appeal from the District Court of Wilson. Tried below before the Hon. E. A. Stevens.

Appeal from a conviction of burglary; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*F. H. Burmeister, C. F. Elkins* and *J. E. Canfield,* for appellant.— Upon question of continuance as to materiality of absent testimony and extent of State's right to combat diligence of defendant's second application: Rucker v. State, 7 Texas Crim. App., 549; Handley v. State, 16 Texas Crim. App., 445; Dixon v. State, 2 Texas Crim. App., 530; Henry v. State, 38 Texas Crim. Rep., 306; Code Crim. Proc., arts. 601 and 602.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary, and his punishment assessed at two years confinement in the penitentiary.

Appellant filed a second application for continuance for the want of the testimony of Ola Elkins, his daughter, which witness resides in the city of San Antonio, Bexar County. The application discloses that on April 19, 1909, appellant applied to the clerk of the court for a non-resident subpoena for the witness, which was duly issued and sent to the sheriff of Bexar County, by due course of mail, which subpoena was returned May 10, 1909, endorsed and duly executed as to the witness Ola Elkins. That on the call of the docket May 10, 1909, the appellant caused an attachment to issue by order of the court for the said witness Ola Elkins, and on May 14, 1909, the appellant again caused an attachment to issue for the absent witness directed to the sheriff of Bexar County. That none of the attachments have been returned to the court showing how same have been executed, but on the 17th day of May, 1909, J. E. Wiseman, the

district clerk of the court, received the following letter: "My Dear Sir: Witness Miss Ola Elkins is sick and unable to attend court. The doctor's certificate and return will follow tomorrow. Respectfully, B. L. Lindsey, Sheriff." Subsequently the attachments were returned together with the doctor's certificate. Appellant further showed to the court that said witness Ola Elkins is now sick in bed and under process, and unable to attend the present term of court. The application, in substance, shows that appellant would have proved by said witness, if present, that the goods appellant was found in possession of that were claimed by prosecuting witness as having been secured by burglarizing his store, was the property of said Ola Elkins, she having had a store in the village where the burglary is alleged to have occurred, and accumulated the property in question from divers and sundry parties. That the witness would have sworn that none of said property relied upon by the State to convict appellant by possession alone was taken from the prosecuting witness' house save and except a pair of red shoes that seemed to have been missed, according to the testimony, from prosecuting witness' house some two or three weeks before appellant was arrested. But notwithstanding that, appellant swears that this particular pair of shoes was taken from prosecuting witness' house by a Mexican and put under the side of the house of prosecuting witness and that he subsequently went and took same to his home, thereby excluding the idea that his daughter knew anything about this particular pair of shoes, yet the record is replete with the fact that divers and sundry other goods were claimed by prosecuting witness as his property that were found in possession of the appellant in addition to the pair of shoes. So we cannot say to what extent the jury convicted appellant of burglary on the theory of his possession of the other goods other than the pair of shoes. This then makes the testimony of the absent witness quite material. Appellant swears, however, that the witness knew the goods in question were her goods, and the diligence, while controverted, is not sufficiently combated to have authorized the court to refuse the second application for continuance. It follows, therefore, that the court erred in refusing same, for which the judgment must be reversed. In view of another trial, we would suggest that no evidence of the fact of other parties identifying goods in possession of appellant as belonging to them be admitted. Nor does the fact that a search warrant was sued out by another and different party than the prosecuting witness, or that the prosecuting witness sued out a search warrant, if he did sue out one, constitute legitimate evidence to be introduced against appellant. For a discussion of this matter see Denton v. State, 42 Texas Crim. Rep., 427. The learned trial court, it might be added, explains the bills of exceptions complaining of the introduction of the matters suggested by stating no exception was taken to same. We therefore suggest upon another trial that

this testimony should not be introduced. We might further add that the extraneous acts of third parties as to carrying property from the house and secreting same in a water closet or in the weeds, which acts were not brought home to appellant, should also not be admitted.

For the error pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*