## HOOKS v. STATE. (No. 7648.)

(Court of Criminal Appeals of Texas. May 30, 1923. On Motion for Rehearing May 17, 1924.)

**1. Criminal law ⊙⟶1169(1)—Testimony what it "looked like" defendant was doing harmless.**

Testimony on prosecution for attempted burglary of what it "looked like" defendant was doing when he pushed against store door, if objectionable, *held* of no material injury.

**2. Criminal law ⊙⟶393(3)—Evidence of defendant's physical condition not objectionable, because ascertained after his arrest.**

It is not ground for excluding evidence of defendant's physical condition, claimed to show fresh gunshot wound, that it was ascertained after his arrest.

**3. Criminal law ⊙⟶1170½(2)—Leading questions not prejudicial in view of answers.**

Leading questions are not ground for reversal, answers to none appearing to be of any materially harmful character.

**4. Burglary ⊙⟶46(3)—Instruction on breaking as applied to attempt appropriate.**

Language of charge defining breaking, as applicable to charge of attempted burglary, that the slightest force was sufficient, as pushing at a door that is closed with intent to open it and enter by force, *held* appropriate.

**5. Criminal law ⊙⟶763, 764(8)—Charge held not on weight of testimony.**

Charge that before jury could convict defendant, charged with attempted burglarious entry by force with intent to commit theft, they must be satisfied beyond reasonable doubt of certain facts as to manner of attempted entry, and as to intent, *held* not on weight of testimony.

**6. Criminal law ⊙⟶814(17)—Evidence on attempted burglary held to preclude necessity of submission of law of circumstantial evidence.**

Necessity for submission of law of circumstantial evidence, on prosecution for attempted burglary, *held* precluded by positive identification of defendant by two witnesses, one testifying that he saw him go to the rear door of store and push against it in apparent effort to open it.

On Motion for Rehearing.

**7. Criminal law ⊙⟶369(7)—Admission of evidence of prior burglary without connecting defendant error.**

Admission of evidence, on prosecution for attempted burglary, that the store had been broken into a few nights before, in absence of any testimony connecting defendant therewith, *held* error.

**8. Criminal law ⊙⟶1169(11)—Erroneous admission of evidence of other crime held harmful.**

State's witness, on prosecution for attempted burglary, being somewhat indefinite in describing defendant's acts, *held* that error in admitting evidence of breaking a few nights before, without connecting defendant therewith, could not be said not to be harmful.

Appeal from Criminal District Court, Bowie County; P. A. Turner, Judge.

Sambo Hooks was convicted of attempt to commit burglary, and appeals. Reversed and remanded.

Johnson & Waters, of New Boston, for appellant.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J. Appellant was convicted in the criminal district court of Bowie county of the offense of attempt to commit burglary, and his punishment fixed at two years in the penitentiary.

[1, 2] The store of a Mr. White in the little town of Leary in Bowie county was burglarized. For some reason Mr. White and his son had occasion on the night of this alleged offense to be watching the store. We do not conceive it to be a matter immaterial for Mr. White and his son to be permitted to testify that they were watching the store on the night in question and give their reason for so doing. Appellant had been seen in the little town late that afternoon driving a bald-faced mule, hitched to a buggy. He had a package of candy in the buggy. On the night in question, according to the testimony, appellant appeared at the store door and pushed against it with his shoulder. He was positively identified by Mr. White, and also by the son of Mr. White on said occasion. Appellant complains that Mr. White was permitted to testify what it "looked like" appellant was doing when he pushed against the store door. We do not deem this of any material injury, if it was objectionable at all. However positively a witness might speak of or discuss an occurrence which he viewed with his physical eyes, he still has to tell how it looked to him, and we do not think that the fact that he used this expression in any wise militated against the reception of his testimony. Mr. White shot at appellant as he was leaving the vicinity of the store door, and a moment or two later his son also shot at him as he ran away. An hour or two later appellant was found in the home of a relative about a mile from the store. He was arrested by an officer at the time. Complaint is made of the fact that, after he was arrested and examined, the officer found in one side of his stomach a fresh shot wound, a place where a shot seemed to have entered the skin and gone a little distance and lodged. There was blood at the place, and some blood on appellant's undergarment where it came over the place. This was objected to upon the ground that appellant was under arrest at the time. No statement of appellant was

offered in evidence, and we know of no reason why testimony of his physical condition, even though ascertained after he was arrested, would not be admissible.

[3] Some of the bills of exception of appellant relate to leading questions, but the answers to none of said questions appear to be of any materially harmful character or to justify a reversal. Mr. Branch cites many authorities in article 157 of his Annotated P. C. on this subject.

[4] Complaint of the fact that in defining "breaking," as applied in the charge in the instant case, the learned trial judge told the jury that the slightest force is sufficient to constitute breaking, such as raising the latch of a door and opening it; pushing at a door that is closed with intent to open it and enter by force. As applicable to a charge of an attempt to commit burglary, we think the language used was appropriate.

[5] Another complaint of the charge is that the court instructed the jury that, appellant being charged with an attempted burglarious entry by force, with intent to commit the crime of theft, before they would be warranted in finding him guilty they must be satisfied beyond a reasonable doubt that the attempted entry was so made by force directly applied to the building, and with the intent to commit the specific crime of theft. We do not think this open to the objection that it was on the weight of the testimony.

[6] The complaint of the failure of the court to submit the law of circumstantial evidence is without merit, in view of the fact that Mr. White and his son both positively identified appellant, and the former testified that he saw him go to the rear door of the store and push against it in an apparent effort to open it. This would seem to preclude the necessity for the submission of the law of circumstantial evidence.

Finding no error in the record, and believing that same reflects a fair and impartial trial accorded to appellant and sufficient testimony to support the judgment, an affirmance is ordered.

### On Motion for Rehearing.

MORROW, P. J. Appellant earnestly insists that the facts proved do not overcome the presumption of innocence.

The state's witness, T. C. White, was watching his store at nighttime, and saw a person whom he recognized as the appellant approaching on his premises. The witness said:

"Of course, I couldn't tell exactly what the defendant was doing when I got in sight of him around there, but he seemed to be pressing or shoving against the door some way; he was pushing at the back door of my store, he had his shoulder against it. He did not stay there and continue his efforts at that door but just a short time, not but a few minutes. * * *

Then the defendant turns and comes back towards me slowly, like he was looking for something on the ground, and when he got up tolerably close to me, I hollered and told him to stop, and then of course he broke and run. * * * I shot at him with a single-barrel shotgun loaded with No. 6 shot."

There was evidence that appellant's mule, harnessed to his buggy, was found hitched at a point near White's store. Upon his arrest appellant was found to have a slight wound upon his body. The witness White further testified:

"* * * And when I did get to where I could see him I saw him working at my back door, and he just stayed there a short time, just a minute or two; he was in this shape (indicating) pushing against the door, is the way it looked to me, and when he left the door he started back west, and it seemed like he was looking down towards the ground."

Appellant testified and denied that he had hitched his mule where the state witness claimed it was found, and accounted for the wound upon him by the statement that he was scratched by a wire fence. He also denied his presence about the store on the night in question.

In one paragraph of his charge the court instructed the jury thus:

"By the term 'breaking' is meant that the entry must be made with actual force. The slightest force, however, is sufficient to constitute breaking, such as raising the latch of a door and opening it; pushing at a door that is closed, with intent to open it and enter by force."

The illustration, "pushing at a door that is closed," seems to the writer of very doubtful propriety. Exception was reserved upon the ground that it was upon the weight of the evidence.

[7, 8] In bill of exceptions No. 1 complaint is made of the receipt in evidence of the witness White as follows:

"Well, I was lying out there watching the store, guarding it until midnight; my son was there helping me guard it. My store had been broken into just shortly before this time; that is, on Saturday night before this Friday night."

It appears from Glenn's Case (Tex. Cr. App.) 76 S. W. 758, that the accused was convicted of burglary, and that the witness Justiss was permitted to testify "that his house had been broken into on several occasions before the night appellant is alleged to have broken into the house; that on the several occasions, which dated back several months, small sums of money were taken from the house; that the reason witness was watching the house defendant is alleged to have burglarized was because of the previous breaking." Holding this evidence inadmissible, this court used the following language:

"The circumstances under which evidence of other offenses than the one for which the accused is being tried is admissible have been defined by a number of decisions of this court. * * * But in every case where such extraneous crimes are admissible there must be pertinent testimony tending to show that appellant was guilty of the extraneous offense. Williams v. State, 38 Tex. Cr. R. 128, 41 S. W. 645. In this case, so far as the bill presents the matter, there is no evidence tending to show that appellant was guilty of having entered the house on previous occasions. Nor is it apparent that the previous entries were a part of the res gestæ, serving to identify and connect defendant with the crime charged. Nor was there any testimony showing how such extraneous crimes would shed any light on the burglary here charged against appellant."

Our attention was not directed to the Glenn Case, supra, on the. original hearing. The receipt of the evidence of other offense, 'in the absence of any testimony connecting appellant with them,· seems to 'have been error. This illegal testimony was of a nature calculated to injure the appellant, and, taking note of the evidence in the record, we are not prepared to say that the error was not harmful.

The state's witness is somewhat indefinite in describing the acts of the accused, and without the testimony of previous acts, not properly attributable to the appellant, the conclusion of the jury touching the guilt of appellant might have been different.

The motion for rehearing should be granted, the affirmance set aside, and the judgment reversed, and the cause remanded.