### J. O. HUGHITT v. THE STATE.

No. 15610. Delivered March 15, 1933.

Reported in 58 S. W. (2d) 509.

The opinion states the case.

*Early & Johnson,* of Brownwood, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CALHOUN, JUDGE.—Theft of a turkey is the offense; punishment, a fine of $50.00.

It seems from the evidence that on or about October 20, 1931, the appellant sold some 14 or 15 turkeys to a produce house in the city of Fort Worth. It further appears from the

testimony that the sheriff of Mills county had gone to Fort Worth and brought back one of the turkeys appellant sold to the produce house and returned the same to T. E. Brown, the prosecuting witness. Brown testified that the turkey appellant was charged with taking was marked on the end of the outside toe of the left foot. As to other identifying marks on his turkeys, he testified that the tails of his turkeys had been clipped off and red paint placed on the right wings, but at the time said turkey was returned to him the red paint was worn off but could be seen up under the wing.

It appears from the testimony that the appellant lived about 2½ miles from the complaining witness, and he and several other witnesses raised turkeys which were running on the range. Appellant testified that he was 86 years of age and that the turkey claimed by the prosecuting witness belonged to him (the appellant). He further testified that his turkeys had been originally marked in the same manner as those of the prosecuting witness, and although he had changed the mark on some of his turkeys upon the advice of one John Ivey, he had not been able to get all of his turkeys marked in the new mark. He admitted going to Fort Worth on the night in question and before he went he had requested Jess Harriss, his nephew, to catch some of his turkeys so that he could take them with him to Fort Worth, and the turkeys caught by his nephew were at his house and had been roosting there all the time.

Appellant's testimony as to changing his mark was corroborated by the witness John Ivey, and as to catching the turkeys at his place and that they had been roosting there at night for some time, he was corroborated by his nephew and his nephew's wife who were living with him, and who went to Fort Worth with him to sell the turkeys.

It is shown by appellant's bill of exception No. 1 that while the witness T. E. Brown, who claimed to have lost the turkey for which the appellant was indicted, was testifying as a witness in behalf of the state, the state, among other things, proved the following by him, towit, that he had lost somewhere around 12 or 13 turkeys and the same were taken from his possession without his consent. This testimony was objected to by the appellant at the time for the reason that the same was inflammatory and prejudicial to the defendant, he being only charged with the theft of one turkey and not 12 or 13, and for the further reason that the testimony was not binding upon the appellant and could not solve any issue in the case, and the same was calculated to arouse the jury against defendant and might lead the jury to believe that defendant was guilty of

stealing 12 or 13 turkeys while only charged with the theft of one. The appellant, in addition to said objections, and after said testimony had been introduced, requested the court to instruct the jury not to consider the same and to withdraw the same from their consideration. The bill further shows that the court overruled the objections and refused to instruct the jury not to consider the same, to all of which the appellant excepted.

We think the testimony with reference to the complaining witness Brown having lost other turkeys was inadmissible under the record in this case, because, first, there was no proof connecting the appellant with the theft of any other turkeys; and, second, because there was no evidence in the record that any other turkeys save and except the turkey alleged as having been stolen by the appellant was ever stolen. There was no evidence in the record that the appellant was ever found in possession of any other turkeys before or after the alleged offense belonging to the complaining witness Brown. In the case of McClain v. State, 89 Texas Crim. Rep., 48, 229 S. W., 550, Judge Lattimore lays down the rule applicable to such conditions, as follows: "While under certain well-known rules contemporaneous thefts of other property may be proven, and the finding in the possession of the accused of other property taken at or about the time of that charged in the given case may also be shown, still where proof of the guilty connection of the accused with the taking rests almost, if not entirely, on the fact of possession by him of property recently stolen, we know of no authority in which it is held that proof may be made of the theft of other property not found in his possession, and of the taking of which by the accused there is no other evidence."

Again in the case of Wells v. State, 42 S. W. (2d) 607, Judge Hawkins, speaking for the court, stated the rule as follows: "It is well settled in this state that evidence of extraneous offenses should not be received, unless the accused is satisfactorily shown to be the party guilty of the commission of such offense, even though proof of the extraneous crimes come within some of the exceptions. Walton v. State, 41 Texas Crim. Rep., 454, 55 S. W., 566; Fountain v. State, 90 Texas Crim. Rep., 474, 241 S. W., 489; Lankford v. State, 93 Texas Crim. Rep., 442, 248 S. W., 389; Isham v. State (Texas Crim. App.), 41 S. W., 622; Williams v. State, 38 Texas Crim. Rep., 128, 41 S. W., 645; Denton v. State, 42 Texas Crim. Rep., 427, 60 S. W., 670; Hocks v. State, 97 Texas Crim. Rep., 480, 261 S. W., 1053."

The testimony, the admission of which is complained of, was of a nature calculated to injure the appellant and was calculated by inference to lead the jury to believe that the appel-

lant was guilty of the theft of all the turkeys the complaining witness claimed to have lost, and, taking note of the evidence in the record, we are not prepared to say that the error was not harmful and affected the conclusions of the jury in finding appellant guilty.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.