## LEE SHEPHERD V. THE STATE.

No. 21938. Delivered February 18, 1942.

The opinion states the case.

*Henry Taylor*, of Temple, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of possessing whisky in a dry area for the purpose of sale. The punishment assessed is a fine of $250.00.

The record shows that on the 17th day of May, 1941, an agent of the Texas Liquor Control Board, accompanied by a deputy sheriff, went to the home of appellant and, by virtue of a search warrant, searched it for intoxicating liquor. As a result of the search they found three and one-fourth pints of whisky. Appellant was arrested and a complaint was immediately filed charging him with the possession of whisky for the purpose of sale.

Appellant brings forward two complaints. The first relates to the court's action in overruling his motion for a continuance, and the second relates to testimony given by the deputy sheriff of an occurrence at appellant's cafe two days subsequent to the search of his home. It appears from the second bill of exception that Lon Kendrick, a deputy sheriff of Lampasas County, testified that on the night of the 19th day of May, 1941, while he was at appellant's cafe, he saw him deliver a package to a soldier who, upon the receipt of the package, got into his car and drove away; that he (the deputy) followed the car for a distance of about one-half of a mile, when he overtook it, stopped it and took therefrom a package containing two pints of whisky; that he could not swear that the package which appellant delivered to the soldier contained any whisky; that he did not know where the whisky came from which the soldier had in his car. Appellant strenuously objected to all of this testimony upon the ground that the matter testified to occurred two days after the complaint and information were filed charging him with the possession of whisky in a dry area for the purpose of sale and for which he was on trial; that said testimony was immaterial and irrelevant to any issue in the case and was highly prejudicial,

etc. We are of the opinion that appellant's position is well taken for the following reasons: First, because the State failed to show that the package which appellant delivered to the soldier contained any whisky; second, because the testimony failed to show that the package which the witness took from the soldier was the only package in the car or that it was the same package which appellant had delivered to him; and third, because the testimony failed to connect appellant with the whisky found in the possession of the soldier at the time in question. Consequently the testimony objected to was insufficient to show that appellant was guilty of the offense of selling any whisky to the soldier. The court, no doubt, admitted this testimony on the theory that it showed the intent of appellant in possessing the three and one-fourth pints of whisky two days prior thereto. Whatever the court's object was in admitting the testimony, it seems to be well settled in this State that evidence of extraneous offenses shall not be received unless the accused is satisfactorily shown to be a party to the commission of such offense, even though proof of extraneous offenses comes within some of the exceptions. In support of the opinion here expressed, we refer to the following authorities: Fountain v. State, 241 S. W. 489; Denton v. State, 42 Tex. Cr. R. 427, 60 S. W. 670; Nichols v. State, 136 S. W. (2d) 221, and many other cases there cited.

In view of the dispostion we are making of the case, we do not deem it necessary to discuss appellant's complaint relative to the court's action in overruling his application for a continuance.

Having reached the conclusion that the court erred in admitting the testimony objected to, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.