RAYMOND PEREZ V. STATE

No. 29,578. February 26, 1958.

*Crouch, Pringle* and *Murad,* Fort Worth, for appellant.

*Leon Douglas,* State's Attorney, Austin, for the state.

DICE, Judge.

The conviction is for the theft of seven chickens; the punishment, confinement in the penitentiary for one year.

The state's testimony shows that Henry W. Teich and his brother, W. F. Teich, with other members of the family jointly owned and operated a farm near Cresson in Johnson County. Henry owned a poultry business in the city of Fort Worth and kept a large number of chickens on the farm under the care and control of W. F. Teich.

On the night of April 1, 1957, the date alleged in the indictment, the appellant was caught by W. F. Teich taking seven chickens from one of the barns on the farm.

As a witness in his own behalf appellant admitted taking the chickens but denied that he had any intention to steal them and testified that he had made arrangements with one Pete Mendez, an employee on the farm and who was with him at the time, to purchase the chickens.

In presenting its case against the appellant the state was permitted to show the loss of other chickens from the farm over a period of time prior to the date of the theft charged against him.

Henry W. Teich, the owner of the chickens, testified that he had periodically missed chickens from the farm for four or five years and that he knew he was "losing lots of chickens out there."

W. F. Teich testified that "something over four hundred had disappeared in a matter of weeks."

Appellant objected to the testimony on the ground that it was irrelevant, immaterial, highly prejudicial and an attempt to offer proof against him of extraneous matters and foreign offenses to that for which he was charged, which objection was by the court overruled.

In permitting such testimony the court erred.

While evidence of other thefts committed by an accused may, under certain circumstances be admissible for the purpose of proving intent, identity, system or in developing the res gestae, such evidence is not admissible unless the other thefts were contemporaneous with the theft for which the accused is on trial. 41-A Texas Jur., par. 228, pps. 219-222; Williams v. State, 24 Texas App. 412, 6 S.W. 318; Beach v. State, 11 S.W. 832; Musgrave v. State, 28 Texas App. 57, 11 S.W. 927; Welhausen v.

State, 30 Texas App. 623, 18 S.W. 300; James v. State, 40 Texas Cr. Rep. 190, 49 S.W. 401; McKnight v. State, 70 Texas Cr. Rep. 470, 156 S.W. 1188 and Kolb v. State, 88 Texas Cr. Rep. 593, 228 S.W. 210.

The testimony complained of clearly related to other thefts of chickens which were not contemporaneous with the theft charged against appellant and therefore should not have been admitted. Furthermore, there was no proof connecting appellant with the other thefts and for this reason the evidence should not have been admitted. Wells v. State, 118 Texas Cr. Rep. 355, 42 S.W. 2d 607; Hughitt v. State, 123 Texas Cr. Rep. 168, 58 S.W. 2d 509 and Carmean v. State, 163 Texas Cr. Rep. 218, 290 S.W. 2d 240.

The testimony was of a nature reasonably calculated to injure the appellant and under the record necessitates a reversal of the conviction.

For the reason stated the judgment of the trial court is reversed and the cause remanded.

Opinion approved by the Court.