John WILLIAMS, Appellant,

v.

The STATE of Texas, Appellee.

No. 44437.

Court of Criminal Appeals of Texas.

Dec. 17, 1975.

Appeal from 187th Judicial District Court, Bexar County; Wallace C. Moore, Special Judge.

Garland G. Wier, San Antonio, for appellant.

Ted Butler, Dist. Atty., and Arthur A. Estefan, Charles E. Campion, Lucien B. Campbell and Douglas Young, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

ONION, Presiding Judge (dissenting on appellant's motion to withdraw mandate).

Appellant's motion to withdraw mandate is denied without written opinion by the majority. To such action I dissent.

This conviction for indecent exposure was affirmed by this court in *Williams v. State*, 481 S.W.2d 815 (Tex.Cr.App.1972), in a 3–2

decision on February 23, 1972. The dissent was based on the fact that the appellant had not been shown to be the perpetrator of the extraneous offense admitted into evidence against him. Rehearing was denied on July 12, 1972.

Subsequently, his post-conviction application for writ of habeas corpus under Article 11.07, Vernon's Ann.C.C.P., was denied without written order by this court on September 25, 1972. His application for writ of habeas corpus in federal court was denied on March 27, 1973, by the United States District Court for the Western District of Texas. The denial of the writ was affirmed by the Court of Appeals, Fifth Circuit, on December 20, 1973. It appears that while his appeal was pending in the Fifth· Circuit Court of Appeals he was released on bail by the United States District Court and has remained free on such bond since that time. He has never been incarcerated in the Texas Department of Corrections.

In his motion appellant urges that long prior to the decision in his case it was well settled that an extraneous offense was inadmissible unless the accused was shown to be the perpetrator of the extraneous offense, and that consistently after the decision in his case this court has applied the same rule so that his case sticks out like a sore thumb, depriving him of due process of law, due course of the law of the land,[1] and equal protection of the law. The State, while. arguing against the withdrawal of the mandate at this time, candidly agrees that the majority opinion in the *Williams* decision was contrary to the great weight of authority in this country.

Since the appellant has not yet been confined in the Texas Department of Corrections, he argues that it is not too late for this court to withdraw its mandate and correct the error of its ways. It is true that in *Deramee v. State*, 379 S.W.2d 908 (Tex.

Cr.App.1964), this court withdrew its mandate where the motion to withdraw was filed within the same term of this court as the issuance of the mandate and the court acknowledged that error existed which would call for reversal.[2]

Without detailing the myriad of problems of withdrawing a mandate many terms after the issuance of the mandate, although term time should not be talismanic, I conclude that appellant's motion should be considered as an original application for writ of habeas corpus which I would grant.

Long prior to the decision in this case the law was well settled that even if proof of extraneous offenses comes within any of the exceptions to the general rule that the accused can be convicted, if at all, only by evidence that shows he is guilty of the offense charged, such evidence is not admissible unless it is shown that the accused is guilty of that extraneous offense. See *Shepherd v. State*, 143 Tex.Cr.R. 387, 158 S.W.2d 1010, 1011 (1942), citing with approval *Fountain v. State*, 90 Tex.Cr.R. 474, 241 S.W. 489 (1921); *Denton v. State*, 42 Tex.Cr.R. 427, 60 S.W. 670 (1901), and *Nichols v. State*, 138 Tex.Cr.R. 324, 136 S.W.2d 221 (1940). See also *Perez v. State*, 165 Tex.Cr.R. 639, 310 S.W.2d 334 (1958); *Carmean v. State*, 163 Tex.Cr.R. 218, 290 S.W.2d 240 (1956); *Wells v. State*, 118 Tex. Cr.R. 355, 42 S.W.2d 607 (1931); *Hughitt v. State*, 123 Tex.Cr.R. 168, 58 S.W.2d 509 (1933); 1 Branch's Ann.P.C., 2d ed., Sec. 188, p. 204.

In *Tomlinson v. State*, 422 S.W.2d 474 (Tex.Cr.App.1967), this court, speaking through Judge Morrison, pointed out that *"no extraneous offense should be offered unless the State is prepared to prove that the accused committed the same."* (Emphasis supplied).

---

1. See Article I, Sec. 19, Texas Const. This is the due process of law provision of the Texas Constitution equivalent to the phrase "law of the land" in Magna Carta.

2. As to terms of this court, see Article V, Sec. 5, Texas Const., as amended November 8, 1966. At the time of the *Deramee* decision Article V, Sec. 5, as amended 1891, controlled term time.

In *Le Blanc v. State*, 441 S.W.2d 847 (Tex.Cr.App.1969), the rule was noted and it was held on rehearing that if extraneous offenses are admitted into evidence it is incumbent upon the State to prove that the accused is the person who committed such offenses.

In the instant *Williams* case the majority refused to adhere to this rule of evidence that arises out of a fundamental demand for justice and fairness, *Gordy v. State*, 159 Tex.Cr.R. 390, 264 S.W.2d 103 (1953). The conviction was upheld despite the introduction of an extraneous offense of indecent exposure without evidence that Williams was the perpetrator thereof.

Since that time, the court has returned to the rule of evidence discussed and has consistently applied it.

In *Shaver v. State*, 496 S.W.2d 604 (Tex. Cr.App.1973), it was again held that evidence of extraneous offenses should not be admitted unless the State can prove that the defendant committed them.

In *Ransom v. State*, 503 S.W.2d 810, 813 (Tex.Cr.App.1974), the rule of evidence involved was noted, citing 23 Tex.Jur.2d, Evidence, Sec. 195, p. 300, with approval.

In *Landers v. State*, 519 S.W.2d 115, 120 (Tex.Cr.App.1975), the opinion on rehearing stated, in discussing the rule of evidence:

"The authorities supporting this proposition of law are numerous indeed. Only in the controversial case of *Williams v. State*, 481 S.W.2d 815 (Tex.Cr.App.1972) (indecent exposure case from Bexar County) does there seem to have been any serious departure."

The rule was applied in *Landers*.

In *Fentis v. State*, 528 S.W.2d 590 (Tex. Cr.App.1975), this court said:

"It is elementary that an accused's connection with an extraneous offense must be shown with some degree of certainty before evidence of that offense can come in, assuming it is relevant. *Carmean v.*

*State*, 163 Tex.Cr.R. 218, 290 S.W.2d 240 (1956) [and other citations]."

The conviction was reversed.

It is clear then that the rule of evidence involved has been consistently applied before and after the *Williams* case, but not applied to him, treating his case differently than all those other appellants who come before this court. Thus, it is clear that Williams has been denied the equal protection of the law under the provisions of Article I, Sec. 3 of our State Constitution, as well as under the equal protection of the law clause of the Fourteenth Amendment of the United States Constitution. He has likewise been deprived of "the due course of the law· of the land" as provided by Article I, Sec. 19 of the State Constitution, as well as due process as provided by the Fourteenth Amendment of the United States Constitution.

Treating appellant's motion as an original application for habeas corpus, I would grant the cause and order the conviction set aside and the cause remanded since he was deprived of a fair and impartial trial.

ROBERTS, J., joins in this dissent.