### HOUSE v. STATE. (No. 12652.)

Court of Criminal Appeals of Texas. June 19, 1929.

Rehearing Denied Oct. 23, 1929.

Howard P. Green, of Cuero, for appellant. A. A. Dawson, State's Atty., of Austin, for the State.

CHRISTIAN, J. The offense is theft of cattle; the punishment confinement in the penitentiary for four years.

Mr. Reed lost several head of cattle. He later recovered two head from a pasture belonging to one Theodore Spies. These two head of cattle carried the brand "R-bar." One was a white-faced Hereford cow and the other a red muley cow. Appellant was charged with the theft of these two cows. Witnesses for the state testified to the fact that about the time Reed lost his cattle appellant was in possession of about twelve or fifteen head of cattle in the vicinity of Reed's place. He was driving these cattle along a public road in daytime. Theirs brands were mixed. One witness testified that he noticed a red muley cow with the "R-bar" brand on her. He thought the red muley cow later found in Spies' pasture suited the description of the cow seen in the herd driven by appellant. It seems to have been the theory of the state that the cattle were abandoned by appellant and that they drifted into various pastures. Under the state's theory, it was necessary to establish the fact that the two cows found in Spies' pasture by Reed were in the herd of twelve or fifteen cattle appellant was seen driving along the road. We gravely doubt the sufficiency of the evidence. The testimony identifying the animals found by the injured party in Spies' pasture as having been in the herd of cattle driven by appellant is of doubtful sufficiency.

Over proper objection, the court permitted the state to prove by its witness Emil Sinast that, at about the time Mr. Reed lost his cattle, he (Sinast) missed some of his own cattle, and that upon making search he found five head of his cattle in a pasture about fourteen miles from his place. There was no evidence showing that the Sinast cattle were in the herd appellant was seen driving along the public road. According to the qualification appended to the bill of exception, the testimony was admitted upon the theory that the herd of cattle stolen by appellant consisted of animals belonging to different persons, among the owners being Mr. Sinast, and that these cattle drifted back to various pastures after they had been taken into the possession of appellant. We find no evidence in support of this theory. That the testimony in question was irrelevant and prejudicial seems obvious, as it consisted of proof of the loss of cattle not shown to have been in appel-lant's possession. McClain v. State, 89 Tex. Cr. R. 48, 229 S. W. 550.

For the error discussed, the judgment is reversed, and the cause remanded.

PER CURIAM. The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.

On Motion for Rehearing.

MORROW, P. J. The record, in connection with the forceful argument of the district attorney in his motion for rehearing, has been carefully re-examined. We are constrained to adhere to the conclusion heretofore expressed touching the inadmissibility of evidence.

In a large pasture A. S. Reed had several hundred head of cattle. His brand was an "R" with a bar attached to it. Without checking his cattle, he estimated that there were about fifteen head missing from the herd. A state's witness testified that in passing along the public road near the pasture of one Harris he observed some fifteen head of cattle, and that about an hour later, after meeting the appellant on the road, he again passed the Harris pasture and failed to observe the cattle mentioned. In the meanwhile, the witness had seen the appellant in company with a Mexican driving some twelve or fifteen head of cattle along the public road. It was in evidence that the appellant, in the daytime, in company with a Mexican, drove on the public road some twelve or fifteen head of cattle from a place called Little Chicago in De Witt county, to Sample, in Gonzales county.

The cattle were left over night in an inclosure belonging to a person by the name of Hasting, and later taken by the appellant to a railway stock pen in Sample. While there, they were observed by a person by the name of Mills, who testified that he saw the cattle that were penned at Sample. He was not interested, but there were red muley cows of different brands. The brands were mixed up, and the witness paid little attention to them, and could make no definite statement with reference to any particular brand. Answering an inquiry as to whether he saw any of the "R-bar" brand in the pen, he said that there were different brands mixed up, and possibly there was an "R-bar" brand; possibly it connected up. However, he finally said that he saw a red muley cow with an "R-bar" brand. Some ten days later the witness Mills visited the Spies' pasture and there was shown him a red muley cow with an "R-bar" brand.

There was testimony that some ten days after the appellant was seen driving the cattle there were found in the pasture of a witness by the name of Spies some five or six

cattle, among them two claimed by Reed. One of them was a muley cow of his brand. The witness Mills, in company with Spies, inspected the cattle last mentioned. If we comprehend the testimony, the loss of the cattle by Reed is but incompletely established. In other words, his testimony is not conclusive to the point that he had lost his cattle. It is void of any direct testimony showing that the appellant or any one else took them from Reed's pasture. The theory that, if they were missing, they may have strayed out of his pasture, is not met. The identity of the cattle that were seen in Harris' pasture with the cattle that the appellant was driving is left by the evidence quite uncertain, as the only witness who testified upon the subject fails to state any fact, save the circumstances mentioned above, tending to identify any of the cattle in possession of the appellant with those which were seen in the pasture of Harris. The presence of the animals which Reed claimed were found in Spies' pasture some ten days later is in no way traced to the appellant. The record is entirely silent touching any act of his in putting the animals in Spies' pasture, and also the identity of the animal which bore the brand of Reed and which was found in Spies' pasture with the animal in the brand of Reed which Mills saw in the pen at Sample.

The opinion is expressed that, tested by the law governing circumstantial evidence, the facts adduced upon the trial do not point to the guilt of the appellant with the cogency which the law demands to overcome the presumption of innocence and to exclude every reasonable hypothesis except the guilt of the accused. To sustain a conviction, supicious circumstances short of the measure mentioned above are not enough. See Porter v. State, 1 Tex. App. 399; Pogue v. State, 12 Tex. App. 293, and numerous other decisions of this court collated in Branch's Ann. Tex. P. C. § 1877.

The motion is overruled.