**Obie TIPPINS, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50223.**

Court of Criminal Appeals of Texas.

Nov. 26, 1975.

Gayle Goldstrich and Edwin L. Davis, Dallas, for appellant.

Henry Wade, Dist. Atty. and W. T. Westmoreland, Jr., Don Driscoll and Jon Sparling, Asst. Dist. Attys., Dallas, Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

GREEN, Commissioner.

In a trial before a jury, appellant was convicted of murder. Punishment was assessed at life.

Considering the evidence in the light most favorable to the verdict, the record reflects that during the night of January 12, 1973, appellant killed the two year old deceased by beating deceased with his hands. The sufficiency of the evidence is not challenged.

In his seventh ground of error, appellant contends the court reversibly erred in admitting a number of instances of prior injuries suffered by deceased over his objection that the evidence did not connect him with such injuries.

Evidence was introduced by State's witnesses that in the latter part of November, 1972, some "whelps" were found on deceased's body. About a week later, there were cigarette burns all over deceased. Also, evidence was introduced of external injuries to deceased's head, discovered about two days before the instant offense.

In none of the above instances was there any direct evidence that appellant had caused these injuries. The evidence does reflect that on each occasion appellant had access to deceased, and could have been the one who injured deceased. However, it also shows that others had equal access to deceased, and could have caused the injuries.

When appellant first raised his objection that the evidence failed to connect him with the prior injuries, the State assured the court that subsequent evidence would furnish the necessary connection. On the basis of this assurance, the court overruled the objection. The State placed on the witness stand several of the persons shown to have had the opportunity to have caused the injuries. Each denied responsibility for them, and each denied being present when

deceased was injured, or knowing anything about their cause. One of these witnesses, a five year old boy, had, prior to the trial, admitted causing the "whelps", but he retracted his admission at the trial.

The evidence placed a fifteen year old girl in the presence of deceased at or about the time he suffered the injuries on each occasion. It was shown that she had the same opportunity as did appellant to have caused them. However, she was not used as a witness, and the record contains no explanation of her absence. There is no evidence excluding her from responsibility.

After the State had closed its case, appellant in a hearing outside the presence of the jury moved to have the evidence regarding the prior injuries struck from the record and the jury instructed to disregard such evidence. The motion was not granted, and the evidence remained for the jury's consideration.

Under the provisions of Article 1257a, V.A.P.C. (1925), evidence of the previous relationship between the accused and the deceased, together with all relevant facts and circumstances going to show the condition of the mind of the accused at the time of the homicide, is admissible. See *Dunlap v. State*, Tex.Cr.App., 462 S.W.2d 591. It has long been the law of Texas, however, that evidence of prior transactions should not be admitted against an accused unless the State is prepared to clearly prove that the accused committed the same. *Landers v. State*, Tex.Cr.App., 519 S.W.2d 115; *Shaver v. State*, Tex.Cr.App., 496 S.W.2d 604; *Carmean v. State*, 163 Tex.Cr.R. 218, 290 S.W.2d 240; *Shepherd v. State*, 143 Tex.Cr.R. 387, 158 S.W.2d 1010. See *Ernster v. State*, 165 Tex.Cr.R. 422, 308 S.W.2d 33. See also 23 Tex.Jur.2d, Evidence, Section 195, p. 300.

The proof showed only that the appellant and others had access to the deceased on the four occasions. Further, all of those who had access to the deceased on these occasions were not called to testify. As the appellant was never definitely shown to be connected to the prior injuries to deceased, the evidence of such injuries should not have been admitted. "It is error to *admit* evidence of another offense when the defendant is not shown to be the party guilty of the offense." *Landers*, supra, quoting 1 Branch's Ann.P.C., 2nd Ed., Sec. 188, p. 204. The evidence was prejudicial to the rights of appellant, and its admission, under these circumstances, was reversible error.

The judgment is reversed and the cause is remanded.

Opinion approved by the Court.

DOUGLAS, J., not participating.