ACCEPTED
06-15-00162-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/8/2015 4:34:53 PM
DEBBIE AUTREY
CLERK

**IN THE**

**COURT OF APPEALS**

**SIXTH SUPREME JUDICIAL DISTRICT**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/9/2015 8:17:00 AM
DEBBIE AUTREY
Clerk

**OF TEXAS**

**TRIAL COURT NO. CR2014-385**

**DOCKET NOS. 06-15-00162-CR**

**THE STATE OF TEXAS**

**VS.**

**JAMES SCHWING**

_____

**ON APPEAL FROM THE**

**207TH JUDICIAL DISTRICT COURT**

**OF COMAL COUNTY, TEXAS**

_____

**BRIEF FOR APPELLANT**

_____

C. WAYNE HUFF
P.O. Box 2334
Boerne, Texas 78006
Bar Card No. 10180600
(214) 803-4127
Facsimile (830) 230-5567
Email: cwhuff@aol.com
ATTORNEY FOR APPELLANT

# TABLE OF CONTENTS

LIST OF PARTIES AND COUNSEL . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

STATEMENT OF THE CASE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

ISSUES PRESENTED . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT REGARDING ORAL ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . 4

STATEMENT OF FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

SUMMARY OF THE ARGUMENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT

Issue No. 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Issue No. 2 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

PRAYER . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

## LIST OF PARTIES AND COUNSEL

The undersigned counsel for Appellant, JAMES SCHWING, certifies that the following is a list of parties and counsel of this case, as required by Rule 38.1(a), Texas Rules of Appellate Procedure:

JAMES SCHWING

APPELLANT

TIMOTHY WALKER

ATTORNEY FOR APPELLANT
(TRIAL)

C. WAYNE HUFF

ATTORNEY FOR APPELLANT
(APPEAL)

JENNIFER THARP

CRIMINAL DISTRICT ATTORNEY
133 N. Industrial Blvd.
Dallas, TX 75207

DANIEL PALMITIER

ASST. DISTRICT ATTORNEYS
133 N. Industrial Blvd
Dallas, TX 75207
(TRIAL)

# INDEX OF AUTHORITIES

## CASES

*Clay v. State,* 741 S.W.2d 209 (Tex. App.– Dallas 1987) . . . . . . . . . . . . . . . . . . 14

*Harrell v. State*, 884 S.W.2d 154 (Tex. Crim. App. 1994) . . . . . . . . . . . . . . 11,15

*Hernandez v. State,* 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986 . . . . . . . . . . . 15

*Higginbotham v. State*, 356 S.W.3d 584 (Tex. App.– Texarkana 2011) . . . . . . . 11

*Jackson v. State,* 320 S.W.3d 873, 889
  (Tex. App.– Texarkana 2010, pet.  ref.'d) . . . . . . . . . . . . . . . . . . . . . . . . 12

*Morales v. State,* 32 S.W.3d 862, 867 (Tex. Crim. App. 2000) . . . . . . . . . . . . . 12

*Sims v. State,* 273 S.W.3d 291, 294-95 (Tex. Crim. App. 2008) . . . . . . . . . . . . 11

*Strickland  v. Washington,* 466 U.S. 668, 687 (1984) . . . . . . . . . . . . . . . . . . . . 15

*Taylor v. State,* 911 S.W. 2d 906 (Tex. App.– Fort Worth 1995) . . . . . . . . . . . 14

*Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999) . . . . . . . . . . . . . 16

*Tippins v. State*, 530 S.W.2d 110,111 (Tex. Crim. App. 1975) . . . . . . . . . . . . . . 11

*Welch v. State,* 993 S.W.2d 690, 667 (Tex. App.– San Antonio 1999) . . . . . . . . 15

## STATUTES

*Tex. Code Crim. Proc.*, Art. 37.07 Sec. 3(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Tex. Code Crim. Proc.,* Art 37.07, Sec. (3)(g) . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Tex. Code Crim. Proc.,* Art 37.07, Sec. (4)(a)  . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

*Texas Rules of Evidence,* 404(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Texas Penal Code* §12.425(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

**BRIEF FOR APPELLANT-1**

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

APPELLANT, James Arthur Schwing, respectfully submits this his brief in the above styled and numbered cause.

## STATEMENT OF THE CASE

Appellant was charged by indictment with the offense of possession of less than one gram of methamphetamine. This state jail felony was enhanced by six enhancement paragraphs alleging prior felony convictions in the State of California. Thus the allowable punishment range was for that of a second-degree felony. *Texas Penal Code* §12.425(b). (CR: 13-14)

The case proceeded to jury trial on June 2, 2015 and concluded on June 4, 2015. The jury found Appellant guilty as charged in the indictment and all of the enhancement paragraphs to be true. Punishment was assessed by the jury at 18 years confinement and a fine of $1800.00. (RR6: 26)

Appellant filed a timely motion for new trial and a notice of appeal on September 2, 2015. (CRII:71&77)

References herein to the Court's record or transcript are denoted as CR while

**BRIEF FOR APPELLANT-2**

references to the Court Reporters record are denoted as RR.

## ISSUES PRESENTED

### ISSUE NUMBER ONE

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE TRIAL OF HIS CASE IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 10 OF THE TEXAS CONSTITUTION.

### ISSUE NUMBER TWO

THE JUDGMENT OF THE COURT IS INCONSISTENT WITH THE ACTUAL COURT'S RECORD AND SHOULD BE REFORMED

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested unless it is requested by the State.

**BRIEF FOR APPELLANT-4**

## STATEMENT OF FACTS

The state's first witness was Jason Martin, a Comal County Sheriff's Deputy, who testified that he was part of a team assigned to execute an arrest warrant on Heather McCarthy at 1919 Montview at Mobile Home Estates in Comal County. Upon arriving he observed Appellant outside of the residence and suspected that he may have been attempting to warn someone inside. (RR3: 198-199) Appellant was ordered out of the yard and searched, according to Martin, due to safety concerns. When asked, Appellant admitted to having a utility knife and a needle in his pockets. The search also produced a syringe and plastic baggies from Appellant. At this point Appellant attempted to flee, was apprehended and after a struggle and being tased was arrested. (RR3: 200-207)

The state next called Norman Lieke a Sheriff's office property and evidence clerk who testified to taking control of the evidence seized from Appellant and subsequently transporting the drug evidence to the Department of Public Safety lab for analysis. (RR3:221-226)

Jose Martinez, a chemist at that lab, testified that the seized evidence consisted of .18 grams of methamphetamine. (RR3:228-245)

The state's next witness was Frank Cockrell, a Comal county detective who was also part of the team executing the arrest warrant. Cockrell testified to

witnessing the arrest of Appellant. He also testified that Appellant admitted to possession of the drugs. (RR3:245-256)

The state's last witness at the guilt phase of the trial was Charles Mott who testified to observing the detention and arrest of Appellant and to hearing Appellant state that he tried to flee because he was in possession of drugs. (RR4:6-16)

At the punishment phase the State called Ron Womack who testified that Appellant's fingerprints matched the fingerprints from certified copies of convictions of Appellant in California. The certified copies were admitted before the jury. (RR5: 6-19)

The state's final witness was Jason Cline, a detective, who testified that certain of the tattoos on Appellant's body represented white supremacist markings. (RR5: 21-40)

The defense called Lewis Breeden and Clarence Collins who testified to Appellant's work history when they employed him. (RR5:59-75)

The defendant testified that he left California in 2007 and after moving to Texas did not re-offend until he was arrested for this offense. He admitted his prior convictions and that he possessed methamphetamine as a result of a relapse. (RR5:79-101)

## SUMMARY OF THE ARGUMENT

Issue one: Appellant urges that he received ineffective assistance of trial counsel due to counsel's failure to make appropriate and timely objections to the admission of unproven extraneous offenses and arguments regarding parole by the State.

Issue two: Appellant suggests that the Court's judgment should be reformed since it erroneously reflects that Appellant pled true to all enhancement paragraphs.

# ISSUE NUMBER ONE

APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING THE TRIAL OF HIS CASE IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE 1, § 10 OF THE TEXAS CONSTITUTION.

### A. Failure to Object to Extraneous Offenses

## 1. Facts

After being convicted, Appellant was arraigned on six enhancement paragraphs alleging felony convictions from California. Appellant pled not true to all of the paragraphs except for paragraph II to which he pled true. (RR4: 59-60) The state then offered the documents state's exhibits P-4 through P-10 into evidence. Appellant's counsel made a number of objections to the documents but none of these addressed the fact that they contained evidence of unadjudicated extraneous offenses. (RR4: 60-63) The exhibits were then admitted before the jury.

A. State's exhibit P-4 related to enhancement paragraph one of the indictment alleging Appellant's conviction for Forgery-Possessing Completed Paper. Page one of the exhibit reflects that Appellant was convicted of this offense by plea of guilty on April 1, 2004. In addition, however, the document as a whole contains allegations of three offenses for which Appellant was charged, but not convicted, namely, Count 2-Use Personal Identifying Information of Another, Count 3-Driving when Privilege Suspended or Revoked for Other Reason and Count 4-Failure to Provide Evidence

**BRIEF FOR APPELLANT-8**

of Financial Responsibility.

B. State's exhibit P-5 related to enhancement paragraph two of the indictment alleging Appellant's conviction for Assault With a Firearm on August 24, 1998. However, the document as a whole contains three allegations which were not adjudicated, specifically, Count 1-Kidnaping for Ransom, Count 4-Assault Great Bodily Injury and with Deadly Weapon, Count 5-Unlawful Driving or Taking of a Vehicle. In addition, the charging instrument in these cases went into great detail concerning the allegations that were alleged but not adjudicated including causing great bodily injury.

C. State's exhibit P-6 related to enhancement paragraph three of the indictment alleging Appellant's conviction for Carry Dirk or Dagger on September 24, 1993. Again, the document as a whole contains allegations which did not result in Appellant's conviction, including, Count 1-Battery Upon an Officer and Emergency Personnel with Injury and Count 3-Resist, Obstruct or Delay a Public Officer.

D. State's exhibit P-7 related to enhancement paragraph four of the indictment alleging Appellant's conviction for Petty Theft with Prior on November 12, 1992. In this document Appellant was also charged but not convicted in Count 1 of Commercial General Burglary.

**BRIEF FOR APPELLANT-9**

E.  State's exhibit P-8 related to  enhancement paragraphs five and six of the indictment alleging Appellant's convictions for two counts of Burglary 2nd Deg. with Prior in Cause No. CRN16985 on January 3, 1990. In addition the charging instrument in counts 3 through 7 alleged 5 other burglaries on separate dates for which Appellant was not convicted.

In addition, to the documents introduced to support the enhancement paragraphs the State offered State's exhibit P-11-15 which were admitted absent any objection to them containing evidence of extraneous offense. (RR4: 67-69). (RR5:5-7)

The California documents contained handwritten parole logs and records which contained evidence of extraneous offense or violations.  In State's Exhibit 9 the parole Chronological History (CH) reflects for example an arrest, a parole revocation and suspension from May to July of 2006 (CH-p. 1), an arrest resulting in  Appellant being in custody in September of 2006 (CH-p.1A), arrests and parole suspensions in 2007 and 2008 (CH-p.1B), and another arrest and suspension in 2008 (CH-p.1C).

The other exhibits contained similar allegations of arrests, suspensions, and other misconduct. (States Exhibit 10, CH-p.1-1H) (State's Exhibit 11-Repeat of CH)

**BRIEF FOR APPELLANT-10**

## 2. Analysis

Although an extraneous offense may be admissible at the punishment phase whether or not a defendant was adjudicated guilty of that offense, the State is nevertheless obligated to prove that offense beyond a reasonable doubt. *Tex. Code Crim. Proc.*, Art. 37.07 Sec. 3(a)(1); *Harrell v. State*, 884 S.W.2d 154 (Tex. Crim. App. 1994); *Tippins v. State*, 530 S.W.2d 110,111 (Tex. Crim. App. 1975).

This burden applies to such offenses offered at either phase of a criminal trial. *Higginbotham v. State*, 356 S.W.3d 584 (Tex. App.– Texarkana 2011)

This burden was satisfied with respect to proving the offenses alleged in the six enhancement paragraphs because Appellant pled guilty and was actually convicted of those offenses. Whether he committed the offenses alleged in the other counts of the prior charging instruments is pure conjecture because the state offered no evidence to support those mere allegations.

## 3. Harm

Extraneous-offense evidence is "inherently prejudicial, tends to confuse the issues, and forces the accused to defend himself against charges not part of the present case against him." *Sims v. State,* 273 S.W.3d 291, 294-95 (Tex. Crim. App. 2008). By its very nature, an improperly admitted extraneous offense tends to be harmful. It encourages a jury to base its decisions on character conformity, rather

than evidence that the defendant committed the offense with which he or she has been charged. *Jackson v. State,* 320 S.W.3d 873, 889 (Tex. App.– Texarkana 2010, pet. ref.'d)

In assessing the harm of extraneous offenses the Court of Criminal has determined that an appellate court should consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the alleged error and how it might be considered in connection with other evidence in the case. The reviewing court might also consider the jury instruction given by the trial judge, the State's theory and any defensive theories, closing arguments and even voir dire, if material to appellant's claim. *Morales v. State,* 32 S.W.3d 862, 867 (Tex. Crim. App. 2000).

It is clear that the extraneous offenses admitted without objection were harmful to Appellant. During its cross-examination of Appellant the State repeatedly and at length emphasized the counts in his prior indictments that did not result in a conviction, but were mere allegations. (RR5:110-118) Further, during final argument both prosecutors relied heavily on these allegations in arguing for the maximum punishment.

Going so far as to claim that Appellant had committed the other counts alleged in his prior indictments the prosecutor made the following argument:

(Mr. Palmitier): . . .he has been cut break, after break, after break, after break. He's committed multiple-count indictments and charges. And all those he's pled to the lesser of them, it has stricken all his priors and he's only pled to one of the counts. That's happened repeatedly over decades in California. That's the breaks this man has been given already. You have seen the types of offenses he's committed. He's injured police officers in the past, allegedly. He's been involved where he's – someone was actually shot with a shotgun. He got two years for that. And the State of California struck all of his priors instead of enhancing him. (RR6: 12-13)

The State continued to emphasize the unadjudicated offenses in its final appeal to the jury:

(Ms. Tharp) You have heard that he has been given break, after break, after break, after break in California. And frankly, had California dealt with this individual appropriately all those years ago, we wouldn't have a situation here today, but they didn't. And this defendant has not stopped committing felonies. (RR6: 23)

Clearly the evidence of unproven extraneous offenses was harmful to Appellant.

### B. Failure to Object to Arguments Concening Parole

In addition, trial counsel compounded the harm caused by failure to object to the extraneous offenses admitted against Appellant by not objecting to the improper argument of the state involving application of the parole laws.

In this regard the State made two arguments regarding parole:

(Mr. Palmitier). . .you heard in his (Appellant's) jail letters that he thinks he going to be out in 6 months. (RR6: 14)

**BRIEF FOR APPELLANT-13**

After reading the instructions concerning parole verbatim to the jury, he concluded:

> What you can learn from reading that is even 20 years doesn't mean 20 years. (RR6: 15)

Prosecutors must exercise caution when arguing parole eligibility to a jury. The Code of Criminal Procedure explicitly prohibits a jury from considering parole eligibility with respect to the defendant on trial. Instead, a jury may only consider the concept of parole eligibility in general. *Tex. Code Crim. Proc.,* Art 37.07, Sec. (4)(a). Consequently, while attempting to explain the existence of parole law as set forth in the trial court's charge, a prosecutor must avoid applying the law to the defendant on trial. *Taylor v. State,* 911 S.W. 2d 906 (Tex. App.– Fort Worth 1995)

In a situation where a prosecutor intermixes specifics about the defendant's potential for parole eligibility with a general discussion of parole law, as is the case here, the Courts have held such remarks were "tantamount to telling the jury to disregard the charge of the court on the applicable law and to apply the parole laws" to the defendant on trial. *Clay v. State,* 741 S.W.2d 209 (Tex. App.– Dallas 1987).

Trial counsel should have, but did not, make any objection to this argument.

### *C. Trial Counsel's Errors Deprived Appellant of Effective Counsel*

Trial counsel did object to the certified copies of prior convictions (State's exhibits P-4 through P-10) but did so based upon a belief that some of the offenses

**BRIEF FOR APPELLANT-14**

may now be misdemeanors.  He made no objection that they contained extraneous offenses that had not been adjudicated.

There were at least two avenues available to counsel to object to the extraneous offenses.  First, after inquiring of the state if they intended to offer evidence to prove the unadjudicated offenses, he could have objected to the introduction of any of the exhibits which mentioned them and moved the court to order redaction of those portions of the exhibits.  Second, he could have requested that the trial court make a threshold determination that the jury could reasonably find beyond a reasonable doubt that Appellant committed the extraneous offenses.  *Harrell v. State,* 884 S.W.2d 154, 160 (Tex. Crim. App. 1994).  This latter determination could have been made by a preliminary review of the documents.  *Welch v. State,* 993 S.W.2d 690, 667 (Tex. App.– San Antonio 1999).

Instead, trial counsel took neither of these actions and did not object to State's Exhibits P-11 through P-15 at all.

The test for ineffective assistance of counsel is the same under the state and federal constitutions.  *Hernandez v. State,* 726 S.W.2d 53, 56-57 (Tex. Crim. App. 1986.  Claims of ineffective assistance of counsel are measured against a two-prong test established by the Supreme Court in *Strickland  v. Washington,* 466 U.S. 668, 687 (1984).  An appellant must first show that his attorney' performance was

deficient, i.e., that his assistance fell below an objective standard of reasonableness. Second, a claimant must demonstrate prejudice or a reasonable probability that, but for his attorney's unprofessional errors, the result of the proceeding would have been different. *Thompson v. State,* 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

It is clear from the record that trial counsel not only did not make appropriate objections, but was unprepared to do so. The District Clerk's record reflects that no request was filed by trial counsel for the state to provide notice to Appellant of extraneous offenses. *Tex. Code Crim. Proc.,* Art 37.07, Sec. (3)(g). *Texas Rules of Evidence,* 404(b). Counsel did file a <u>Motion for Discovery of Punishment Evidence</u> that did not specifically request notice of extraneous offenses, but did not even file this motion until the day the trial began. (CR:32-35)

Indeed, the trial court voiced its concerns when trial counsel was attempting to introduce an exhibit:

> THE COURT: My gosh. You wouldn't have – if that was your defense in the middle of the trial, don't you think you might have looked that up? Are you trying to do a Sixth Amendment ineffective assistance on purpose or what? (RR5: 89)

In terms of prejudice, it would be difficult to imagine a more damaging omission than failure to make objections that would have prevented a minimum of fourteen extraneous offenses and numerous bad acts from being presented to the jury or at least have preserved the issue for appellate review.

**BRIEF FOR APPELLANT-16**

## ISSUE NUMBER TWO

THE JUDGMENT OF THE COURT IS INCONSISTENT WITH THE ACTUAL COURT'S RECORD AND SHOULD BE REFORMED

The trial court judgment reflects that Appellant pled true to each of the enhancment paragraphs. (CR: 68) However, the trial record shows that Appellant pled untrue to all of these paragraphs with the exception of paragraph two. (RR4: 59-60) Appellant requests that the Judgment be reformed to reflect this fact.

## PRAYER

      WHEREFORE, Premises considered, it is respectfully requested that this case be reversed and remanded to the trial court and that the Court's Judgment be reformed to reflect Appellant's actual pleas to the enhancement paragraphs.

Respectfully submitted,

/s/ C. Wayne Huff_____
C. Wayne Huff
P.O. Box 2334
Boerne, Texas 78006
Bar Card No. 10180600
(214) 803-4127
Facsimile (830) 230-5567
cwhuff@aol.com

## CERTIFICATE OF SERVICE

The undersigned attorney of record of Appellant hereby certifies that a true and correct copy of the foregoing motion was served on the District Attorney for Comal County, Texas, at 150 N. Seguin #307, New Braunfels, TX 78130 on the same date that it was efiled with this court.

  Signed this the 8th day of December, 2015.

/s/ C. Wayne Huff_____
C. Wayne Huff

**BRIEF FOR APPELLANT-18**

# CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing document is in compliance with Rule of Appellate Procedure 9.4(i)(2)(B) in that it contains 3332 words.


/s/ C. Wayne Huff_____
C. Wayne Huff